MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X
VALENTIN CALVARIO ADORNO, *individually and on behalf of others similarly situated,*

*Plaintiff,*

-against-

EVERGREEN GOURMET DELI INC. (D/B/A FRAICHE MAXX), GREEN GREEN CAFE INC. (D/B/A FRAICHE MAXX), EDIBLE KITCHENS INC. (D/B/A FRAICHE MAXX), EDIBLE KITCHENS I INC. (D/B/A FRAICHE MAXX), CHUN BYUNG PARK (A.K.A. CHARLES BYUNG PARK), EUN SEOL PARK (A.K.A. EUNICE PARK) and SAMUEL DOE,

*Defendants.*
---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Valentin Calvario Adorno ("Plaintiff Calvario" or "Mr. Calvario"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Evergreen Gourmet Deli Inc. (d/b/a Fraiche Maxx), Green Green Cafe Inc. (d/b/a Fraiche Maxx), Edible Kitchens Inc. (d/b/a Fraiche Maxx), Edible Kitchens I Inc. (d/b/a Fraiche Maxx), ("Defendant Corporations"), Chun Byung Park (a.k.a. Charles Byung Park), Eun Seol Park (a.k.a. Eunice Park) and Samuel Doe, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## **NATURE OF ACTION**

1. Plaintiff Calvario is a former employee of Defendants Evergreen Gourmet Deli Inc. (d/b/a Fraiche Maxx), Green Green Cafe Inc. (d/b/a Fraiche Maxx), Edible Kitchens Inc. (d/b/a Fraiche Maxx), Edible Kitchens I Inc. (d/b/a Fraiche Maxx), Chun Byung Park (a.k.a. Charles Byung Park), Eun Seol Park (a.k.a. Eunice Park) and Samuel Doe.

2. Defendants own, operate, or control a Deli, located at 213 Park Ave S, New York, NY 10003 under the name "Fraiche Maxx."

3. Upon information and belief, Individual Defendants Chun Byung Park (a.k.a. Charles Byung Park), Eun Seol Park (a.k.a. Eunice Park) and Samuel Doe serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the deli as a joint or unified enterprise.

4. Plaintiff Calvario was an employee of Defendants.

5. Plaintiff Calvario was employed as a food preparer at the deli located at 213 Park Ave S, New York, NY 10003.

6. At all times relevant to this Complaint, Plaintiff Calvario worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that he worked.

7. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Calvario appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8. Defendants' conduct extended beyond Plaintiff Calvario to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Calvario and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

10. Plaintiff Calvario now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11. Plaintiff Calvario seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Calvario's state law claims under 28 U.S.C. § 1367(a).

13. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Deli located in this district. Further, Plaintiff Calvario was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14. Plaintiff Valentin Calvario Adorno ("Plaintiff Calvario" or "Mr. Calvario") is an adult individual residing in Bronx County, New York.

15. Plaintiff Calvario was employed by Defendants at Fraiche Maxx from approximately October 25, 2017 until on or about March 25, 2018.

16. Plaintiff Calvario consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17. At all relevant times, Defendants own, operate, or control a Deli, located at 213 Park Ave S, New York, NY 10003 under the name "Fraiche Maxx."

18. Upon information and belief, Evergreen Gourmet Deli Inc. (d/b/a Fraiche Maxx) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 213 Park Ave S, New York, NY 10003.

19. Upon information and belief, Green Green Cafe Inc. (d/b/a Fraiche Maxx) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 213 Park Ave S, New York NY 10003.

20. Upon information and belief, Edible Kitchens Inc. (d/b/a Fraiche Maxx) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 213 Park Ave S, New York NY 10003.

21. Upon information and belief, Edible Kitchens I Inc. (d/b/a Fraiche Maxx) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 213 Park Ave S, New York NY 10003.

22. Defendant Chun Byung Park (a.k.a. Charles Byung Park) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Chun Byung Park (a.k.a. Charles Byung Park) is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Chun Byung Park (a.k.a. Charles Byung Park) possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Calvario, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

23. Defendant Eun Seol Park (a.k.a. Eunice Park) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Eun Seol Park (a.k.a. Eunice Park) is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Eun Seol Park (a.k.a. Eunice Park) possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiff Calvario, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24. Defendant Samuel Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Samuel Doe is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Samuel Doe possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Calvario, establishes

the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

25. Defendants operate a Deli located in the Gramercy Park section of Manhattan in New York City.

26. Individual Defendants, Chun Byung Park (a.k.a. Charles Byung Park), Eun Seol Park (a.k.a. Eunice Park) and Samuel Doe possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

27. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

28. Each Defendant possessed substantial control over Plaintiff Calvario's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Calvario, and all similarly situated individuals, referred to herein.

29. Defendants jointly employed Plaintiff Calvario (and all similarly situated employees) and are Plaintiff Calvario's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

30. In the alternative, Defendants constitute a single employer of Plaintiff Calvario and/or similarly situated individuals.

31. Upon information and belief, Individual Defendants Chun Byung Park (a.k.a. Charles Byung Park), Eun Seol Park (a.k.a. Eunice Park) and Samuel Doe operate Defendant Corporations

as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

    a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

    b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c) transferring assets and debts freely as between all Defendants,

    d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

    e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

    f) intermingling assets and debts of their own with Defendant Corporations,

    g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

    h) Other actions evincing a failure to adhere to the corporate form.

32. At all relevant times, Defendants were Plaintiff Calvario's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Calvario, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Calvario's services.

33. In each year from 2017 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the deli on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

35. Plaintiff Calvario is a former employee of Defendants who was employed as a food preparer.

36. Plaintiff Calvario seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Valentin Calvario Adorno*

37. Plaintiff Calvario was employed by Defendants from approximately October 25, 2017 until on or about March 25, 2018.

38. Defendants employed Plaintiff Calvario as a food preparer.

39. Plaintiff Calvario regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

40. Plaintiff Calvario's work duties required neither discretion nor independent judgment.

41. Throughout his employment with Defendants, Plaintiff Calvario regularly worked in excess of 40 hours per week.

42. From approximately October 25, 2017 until on or about March 6, 2018, Plaintiff Calvario worked as a food preparer from approximately 6:00 a.m. until on or about 4:00 p.m., 5 days a week (typically 50 hours per week).

43. From approximately March 7, 2018 until on or about March 25, 2018, Plaintiff Calvario worked as a food preparer from approximately 6:00 a.m. until on or about 3:30 p.m., 5 days a week (typically 47.5 hours per week).

44. Throughout his employment, Defendants paid Plaintiff Calvario his wages in cash.

45. From approximately October 25, 2017 until on or about March 6, 2018, Defendants paid Plaintiff Calvario $13.25 per hour.

46. From approximately March 7, 2018 until on or about March 25, 2018, Defendants paid Plaintiff Calvario $14.25 per hour.

47. Defendants never granted Plaintiff Calvario any breaks or meal periods of any kind.

48. Plaintiff Calvario was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

49. Defendants required Plaintiff Calvario to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

50. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Calvario regarding overtime and wages under the FLSA and NYLL.

51. Defendants did not provide Plaintiff Calvario an accurate statement of wages, as required by NYLL 195(3).

52. Defendants did not give any notice to Plaintiff Calvario, in English and in Spanish (Plaintiff Calvario's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

53. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Calvario (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate overtime compensation as required by federal and state laws.

54. Plaintiff Calvario was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

55. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

56. Defendants' time keeping system did not reflect the actual hours that Plaintiff Calvario worked.

57. Defendants required Plaintiff Calvario to sign a document the contents of which he was not allowed to review in order to release his wages.

58. Plaintiff Calvario was paid his wages in cash.

59. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

60. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Calvario (and similarly situated individuals) worked, and to avoid paying Plaintiff Calvario properly for his full hours worked.

61. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

62. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Calvario and other similarly situated former workers.

63. Defendants failed to provide Plaintiff Calvario and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by

that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

64. Defendants failed to provide Plaintiff Calvario and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

65. Plaintiff Calvario brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

66. At all relevant times, Plaintiff Calvario and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and

plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

67. The claims of Plaintiff Calvario stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

68. Plaintiff Calvario repeats and realleges all paragraphs above as though fully set forth herein.

69. At all times relevant to this action, Defendants were Plaintiff Calvario's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Calvario (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

70. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

71. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

72. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Calvario (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

73. Defendants' failure to pay Plaintiff Calvario (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

74. Plaintiff Calvario (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

75. Plaintiff Calvario repeats and realleges all paragraphs above as though fully set forth herein.

76. At all times relevant to this action, Defendants were Plaintiff Calvario's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Calvario, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

77. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Calvario overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

78. Defendants' failure to pay Plaintiff Calvario overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

79. Plaintiff Calvario was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

80. Plaintiff Calvario repeats and realleges all paragraphs above as though fully set forth herein.

81. Defendants failed to provide Plaintiff Calvario with a written notice, in English and in Spanish (Plaintiff Calvario's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

82. Defendants are liable to Plaintiff Calvario in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

83. Plaintiff Calvario repeats and realleges all paragraphs above as though fully set forth herein.

84. With each payment of wages, Defendants failed to provide Plaintiff Calvario with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

85. Defendants are liable to Plaintiff Calvario in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Calvario respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Calvario and the FLSA Class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Calvario's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Calvario and the FLSA Class members;

(e) Awarding Plaintiff Calvario and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Calvario and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Calvario;

(h)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Calvario's compensation, hours, wages and any deductions or credits taken against wages;

(i)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Calvario;

(j)     Awarding Plaintiff Calvario damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages as applicable

(k)     Awarding Plaintiff Calvario damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l)     Awarding Plaintiff Calvario liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(m)     Awarding Plaintiff Calvario and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(n)     Awarding Plaintiff Calvario and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(o)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Calvario demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
May 4, 2018

                                          MICHAEL FAILLACE & ASSOCIATES, P.C.

                         By:      /s/ Michael Faillace
                               Michael Faillace [MF-8436]
                               60 East 42nd Street, Suite 4510
                               New York, New York 10165
                               Telephone: (212) 317-1200
                               Facsimile: (212) 317-1620
                               *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

April 27, 2018

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:          Valentin Calvario Adorno

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:      *Valentin Calvario Adorno*

Date / Fecha:           27 de Abril, 2018

*Certified as a minority-owned business in the State of New York*