UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/24/22
```

Calvario Adorno, et al.,

                Plaintiffs,

–v–

Evergreen Gourmet Deli Inc., et al,

                Defendants.

18-cv-4008 (AJN)

MEMORANDUM OPINION & ORDER

ALISON J. NATHAN, District Judge:

      On May 4, 2018, Plaintiff filed a complaint alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), Art. 19 §§ 190 and 650 *et seq.*  Dkt. No. 1.  On February 28, 2019, the parties informed the Court that they had reached a settlement agreement.  *See* Dkt. No. 48.  On May 17, 2019, the parties submitted a proposed settlement for the Court's approvalalong with a letter explaining their views on the fairness of the settlement.  *See* Dkt. No. 52.  The settlement agreement provided for a total settlement amount of $8,000, including attorneys' fees and costs.  Plaintiff's counsel seeks attorneys' fees and costs in the amount of $3,180.01.  For the following reasons, the Court approves the settlement agreement.

    **I.**    **Legal Standard**

      In order to serve FLSA's purpose of ensuring "a fair day's pay for a fair day's work," settlements in FLSA cases must be approved by a court or by the Department of Labor.  *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (quoting *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945)).  A plaintiff's FLSA claims therefore cannot

be dismissed with prejudice until the Court determines that the settlement is "fair and reasonable." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). A "fair and reasonable" settlement is one that "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Mamani v. Licetti*, No. 13-CV-7002 (KMW) (JCF), 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014) (internal quotation marks omitted).

## II. Discussion

### A. Settlement Amount

The Court finds that the total settlement amount of $8,000 is reasonable. According to the joint letter, Plaintiff estimates that his maximum possible recovery for the claims in the instant action would be approximately $26,291.09, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. The recovery amount net attorneys' fees is 18 percent of the maximum potential damages.

The Court may approve a settlement where it "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Cheeks*, 796 F.3d at 200; *see also Kopera v. Home Depot U.S.A., Inc.*, 09-CV-8337, 2011 WL 13272403, at *1 (S.D.N.Y. June 24, 2011 ("If the proposed settlement reflects a reasonable compromise over the contested issues, the settlement should be approved.").

The submitted letter reflects a compromise between the parties over both factual and legal issues. Defendants proclaimed that Plaintiff worked fewer hours than he claimed supported by a witness. Dkt. No. 52. Defendant also alleged financial difficulties and arguments regarding company ownership. *Id.* Plaintiff acknowledges these "risks" and finds the settlement to be an

"excellent result." *Id.* Despite the limited information provided in support of the settlement agreement, the total settlement amount is presumptively reasonable. *See, e.g.*, *Beckert v. Ronirubinov*, No. 15-CV-1951 (PAE), 2015 WL 8773460, at *2 (S.D.N.Y. Dec. 14, 2015) (approving a settlement of approximately 25 percent of maximum recovery where the joint letter indicated a "lack of documentation and conflicting witness support") (internal quotation marks omitted)).

### B. Attorneys' Fees and Costs

Plaintiff's attorneys request $2,374.02 from the settlement fund as attorneys' fees and $805.99 for costs for a total award of $3,180.01. "Except in extraordinary cases, courts in this District have declined to award fees representing more than one-third of the settlement amount." *See* Zhang v. Lin Kumo Japanese Rest., Inc., No. 13-CV-6667 (PAE), 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015) (collecting cases). Here, the requested fees make up 29 percent of the net settlement, so the Court finds it is reasonable. The Court also finds that Plaintiff's attorneys' requested fees of $805.99 for filing and serving the complaint are reasonable. The Court therefore awards Plaintiff's attorneys the requested $3,180.01.[1]

### III.   Conclusion

---

[1] The Court briefly notes that a lodestar crosscheck revealed that the lodestar amount suggested is unreasonable. The lodestar amount is a "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Gaia House Mezz LLC v. State Street Bank & Trust Co.*, No. 11-CV-3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (quoting *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)) (internal quotation marks omitted). The Court has previously found Mr. Faillace's rate of $450 to be excessive, *Lazo v. Kim's Nails at York Avenue, Inc.*, 17-CV-3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019), and reduces his rate to $400. The Court has also previously rejected a $350 per hour rate for Mr. Mulholland, who billed $375 per hour in this matter. *Id.* The Court likewise rejects that rate and reduces it to $275. Calculated using these reasonable hourly rates, the recoverable attorneys' fees total is $4,000. However, because Plaintiff's attorneys request an award below the lodestar amount, this error is not of consequence to the Court's award of attorneys' fees.

In sum, the Court approves the settlement. Plaintiff's counsel is to receive $3,180.01 of the settlement amount, and the balance of $4,819.99 goes to Plaintiff. The Clerk of the Court is respectfully directed to close the case.

SO ORDERED.

Dated: January 24, 2022
       New York, New York

_____
ALISON J. NATHAN
United States District Judge